Electronically Filed
Intermediate Court of Appeals
CAAP-10-0000182
23-JUN-2011
08:12 AM

NO. CAAP-10-0000182


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


KEAHI YOUNG, TRUSTEE OF THE PRISCILLA C. YOUNG TRUST,
Plaintiff-Appellee,
v.
KUMUKOA(W); aka EMILY KUMUKOA KEAKUANUU OHIA, et al.,
Defendants-Appellants

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 08-1-0087)


ORDER DISMISSING APPEAL FOR LACK OF JURISDICTION
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Upon review of the record, it appears that this court does not have jurisdiction over Defendants-Appellants Gary G. Kuikahi, Lana R. Lancaster and Kim K. Kuikahi's (the Appellants) appeal from the Honorable Greg K. Nakamura's October 11, 2010 "Order (1) Granting Plaintiff's Motion for Summary Judgment re Quieting Title as to Heirs of Kekuanu (K) Filed March 4, 2010[,] and (2) Denying Defendant Pro Se Colburn V. Ohia's Motion for Amended Summary Judgment Filed March 11, 2010" (the October 11, 2010 order), because the October 11, 2010 order is not

independently appealable, and the circuit court has not yet entered an appealable final judgment on all claims pursuant to Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP).

Hawaii Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2010) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). HRCP Rule 58 requires that "[e]very judgment shall be set forth on a separate document." "An appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]" Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The record on appeal for Appeal No. CAAP-10-0000182 was filed on December 30, 2010, and the circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the October 11, 2010 order is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under Forgay v. Conrad, 47 U.S. 201 (1848)(the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the October 11, 2010 order does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine);[1] Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order).

_____

[1] The October 11, 2010 order did not require "immediate execution of a command that property be delivered to [Appellants'] adversary [.]" Ciesla v. Reddish, 78 Hawai'i at 20, 889 P.2d at 704.

Further, in Cooke Trust Co. Ltd. v. Ho, 43 Haw. 243 (1959), the Supreme Court of Hawai'i held that an order appointing a commissioner and directing an appraisal and sale in a partition action was an interlocutory order. The court thus dismissed the appeal. Therefore, the October 11, 2010 order is an interlocutory order and not appealable.

Absent an appealable separate judgment, Appellants' appeal is premature, and we lack appellate jurisdiction. Accordingly,

IT IS HEREBY ORDERED that this appeal is dismissed for lack of appellate jurisdiction.

IT IS FURTHER ORDERED that, because we lack jurisdiction, Appellee's Motion to Dismiss Appeal of Defendants-Appellants Lana R. Lancaster, Gary G. Kuikahi and Kim K. Kuikahi filed on May 10, 2011 is dismissed.

DATED: Honolulu, Hawai'i, June 23, 2011.

Chief Judge

Associate Judge

Associate Judge